FILED
U.S. DISTRICT COURT
2017 JUN 15 D 3:08
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CRAFT SMITH, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EC DESIGN, LLC, a California limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br><br>Case No. 2:16-cv-1235-DB<br><br>Judge Dee Benson |

Before the Court is Defendant EC Design's Motion to Dismiss or, in the Alternative, to Transfer Action [Dkt. 16]. The motion has been fully briefed and a hearing was held before the Court on May 22, 2017. Plaintiff, Craft Smith, was represented by R. Parrish Freeman. EC Design was represented by Michael Erickson and Seth Gold. Based on the parties' oral and written arguments as well as the relevant facts and the law, the Court enters the following Order.

## BACKGROUND

Craft Smith is a company that designs and produces hobby and craft supplies such as patterned paper, cards and envelopes, planners, calendars, party decor, ribbons, and stickers.

1

Craft Smith is a California limited liability company with its principle place of business in California, although its product design and development teams are based in Utah. Craft Smith has 28 full-time employees and 3 part-time or contract employees. Ten are located in Utah, 16 in California, three in Texas and one in Alabama.

EC Design also designs and produces crafts, stationery and hobby goods that are sold online and in retail stores throughout the nation. It is a California limited liability company with its principle place of business in California.

The dispute between these two companies began when EC Design learned that Craft Smith was selling and promoting products that EC Design believes infringe its intellectual property rights.

According to EC Design, in 2007 it designed and created its product known as the LifePlanner personal organizer. The LifePlanner is a spiraled book that contains a yearly calendar with a unique combination of designs, layouts, quotes, colors and other elements.

In 2015, executives at Craft Smith and EC Design discussed the possibility of engaging in a business relationship to manufacture LifePlanners and other products. Following meetings and negotiations, a partnership failed to materialize. In October, 2016, Craft Smith began marketing its own collection of personal organizers.

On November 29, 2016, counsel for EC Design sent a cease and desist letter to Craft Smith accusing it of infringing the LifePlanner's trade dress and copyrights. Craft Smith did not respond to the letter. Rather, on December 8, 2016, Craft Smith filed the complaint in this action seeking declaratory judgment of non-infringement.

On January 6, 2017, before the complaint was served on EC Design, EC Design filed a complaint in the Central District of California alleging Lanham Act violations, copyright infringement and California unfair competition claims against Craft Smith and its retail partner, Michaels, Inc. EC Design served Craft Smith with the complaint on January 8, 2017. Two weeks later, on January 25, 2017, Craft Smith served EC Design with its complaint in this action.

EC Design moves the Court to dismiss this action under Federal Rules of Civil Procedure 12(b)(1) and (3) and 28 U.S.C. § 2201(a), as an improper anticipatory action. Alternatively, EC Design requests that the Court transfer this action to the Central District of California for the convenience of the parties and witnesses and in the interests of justice pursuant to 28 U.S.C. § 1404(a).

## ANALYSIS

### I. Dismissal

EC Design seeks dismissal of this action under the *Wilton/Brillhar* abstention doctrine which provides that district courts have discretion to decline jurisdiction over claims brought under the Federal Declaratory Judgment Act. 28 U.S.C.§ § 2201, 2202; *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995); *Harpin v. Oakley Custom Homes, Inc.*, 232 F.3d 901 (10th Cir. 2000). District courts consider a number of factors in determining whether to hear declaratory judgment suits. *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1248 (10th Cir. 2008). Those factors include:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or to ' provide an arena for a race to res judicata'; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy with is better or more effective.

*Surefoot*, 531 F.3d at 1248 (*quoting State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). EC Design argues that these factors weigh in favor of dismissal. It contends that analysis of the third *Mhoon* factor alone mandates dismissal. EC Design alleges that Craft Smith filed this action as procedural fencing, to gain an improper procedural advantage. The Court finds that Craft Smith's commencement of this action was not an improper anticipatory action. Rather, it was in response to the bombastic demand letter it received from EC Design's attorney. While EC Design attempts to characterize its cease and desist letter as a "good-faith effort to discuss settlement," the Court disagrees. The letter did not, as EC Design asserts, express "a willingness to discuss a settlement without legal action" or reference "various options for legal recourse." Rather, the letter outlines that the only way for Craft Smith to avoid a federal court lawsuit is to immediately: (1) stop selling and advertising the allegedly infringing planners; (2) notify distributors to return any allegedly infringing planners in stock; and (3) provide a "detailed accounting" and "sign a declaration attesting to the accounting." It states, "[w]e require your agreement to comply with the above provisions by December 6, 2016," which was seven days from the date of the letter. In response, Craft Smith filed this action seeking judgment of non-infringement. It contends it selected Utah because the company's founders lived in Utah until recently and because the company has as much of a presence in Utah as it does in

4

California.

With regard to the first two *Mhoon* factors, the Court agrees with Craft Smith that this declaratory action would settle the controversy between the parties and therefore clarify the legal relations at issue. While the lawsuit by EC Design includes California state law claims for common law and statutory unfair competition, both rest on the federal copyright and trade dress claims. They are either preempted or determined by the outcome of the federal claims. *See Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212-1213 (9th Cir. 1998) (federal copyright law preempts California state unfair competition claims where based on rights granted by the Copyright Act); *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994) (where Lanham Act claim fails, so do California common law and statutory unfair competition claims; there is no separate analysis). Additionally, the presence of Michaels, Inc., as a defendant in the California action does not change this conclusion because Michaels, Inc. has agreed that if the case remains in this Court, it will not contest venue or personal jurisdiction should EC Design attempt to add it as a defendant. [Dkt. 19-5].

Finally, with regard to the last two *Mhoon* factors, the Court finds that this action does not encroach on state jurisdiction and there is not a better or more effective alternative remedy.

Having considered the factors in *Mhoon*, the Court denies EC Design's motion to dismiss this action.

## II. Transfer

In the alternative, EC Design asks the Court to transfer this action pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interests of justice.

A district court may transfer a civil action "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses" or "in the interest of justice." District courts in the Tenth Circuit consider several different factors in considering a motion to transfer venue, including:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010)(*quoting Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *Employers Mut.*, 618 F.3d at 1167. Here, EC Design has not met its burden. A significant number of Craft Smith's employees live in Utah. Its design team, including those who are anticipated to be called as witnesses in this action, is based in Utah. "Merely shifting the inconvenience from one side to the other .. obviously is not a permissible justification for a change of venue." *Id.* The Court finds that the balance of these factors favors keeping the action in Utah and declines to transfer venue.

## CONCLUSION

EC Design's Motion to Dismiss or, in the Alternative, to Transfer Action is hereby

DENIED.

IT IS SO ORDERED.

DATED this 15 day of June, 2017.

*Dee Benson*

Dee Benson
United States District Judge