# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CRAFT SMITH, LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**EC DESIGN, LLC,**<br><br>    **Defendant.** | **MEMORANDUM DECISION AND ORDER** |
| **EC DESIGN, LLC,**<br><br>    **Counterclaim Plaintiff,**<br><br>v.<br><br>**CRAFT SMITH, LLC and MICHAELS STORES, INC.,**<br><br>    **Counterclaim Defendants.** | **Case No. 2:16-cv-01235-DB-PMW**<br><br>**District Judge Dee Benson**<br><br>**Chief Magistrate Judge Paul M. Warner** |

District Judge Dee Benson referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Craft Smith, LLC and Michaels Stores, Inc.'s (collectively, "Counterclaim Defendants") motion for a protective order (the "Motion").[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the

---

[1] *See* docket no. 65.

[2] *See* docket no. 62.

District of Utah (the "Local Rules"), the court has concluded that oral argument is not necessary and will determine the Motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## BACKGROUND

The Motion seeks an order staying eight depositions (the "EC Depositions") noticed by EC Design, LLC ("EC Design") until after resolution of Counterclaim Defendants' pending motion to dismiss (the "Motion to Dismiss").[3] The EC Depositions were noticed to take place between March 14 and March 26, 2018.[4] Counterclaim Defendants argue that good cause exists for staying the Depositions because if the Motion to Dismiss is granted, and all of EC Designs' counterclaims are dismissed, the expense and burden of the EC Depositions can be avoided.

EC Design does not directly address this argument. Instead, EC Design takes issue with the timing and procedural flaws in Counterclaim Defendants' request for a protective order. EC Design asserts that it first noticed the EC Depositions after Counterclaim Defendants filed the Motion to Dismiss, and the Motion was not filed until after EC Design modified the dates of the EC Depositions at Counterclaim Defendants' request. Moreover, EC Design asserts that Counterclaim Defendants did not comply with Local Rule 37-1, because the Motion exceeds 500 words and did not include a certification that the parties had met and conferred in an effort to resolve the dispute. *See* DUCivR 37-1(a).

## DISCUSSION

---

[3] *See* docket no. 56.

[4] The EC Depositions were automatically stayed by the filing of the Motion by the third business day after service of the notice of the EC Depositions pursuant to DUCivR 26-2(b).

The court finds that there is good cause to stay the EC Depositions. The need to expend time and resources to conduct the EC Depositions may indeed be mooted if the Motion to Dismiss is granted. For the same reason, the court finds that there is good cause to stay all discovery in this action pending resolution of the Motion to Dismiss.

However, the court admonishes the parties that, in the future, failure to comply with the Local Rules and the Federal Rules of Civil Procedure will not be tolerated. Motions requesting the resolution by court order of disputes arising under Federal Rules of Civil Procedure 26 through 37 and 45 must follow the short form discovery format and procedure. *See* DUCivR 37-1(a)(1), (3). Such motions may not exceed 500 words and "must include a certification that the parties made reasonable efforts to reach an agreement on the disputed matters." *See* DUCivR 37-1(a)(3), (4). Counterclaim Defendants' Motion arises under Rule 26,[5] and accordingly, should have complied with this rule.

Moreover, Rule 1 of the Federal Rules of Civil Procedure requires the court and the parties to "construe[], administer[], and employ[]" the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The court considers a meaningful meet-and-confer to be essential to the parties' obligation to secure the speedy and inexpensive resolution of this action. Therefore, the court will not consider further motions that do not contain a certification that the parties have satisfied their meet-and-confer obligations under the rules.

---

[5] *See* docket no. 62 at 2.

## CONCLUSION

Based on the foregoing, the court hereby **GRANTS** the Motion and **ORDERS** that the EC Depositions and all other discovery in this action is **STAYED** pending a hearing and ruling on the Motion to Dismiss. Within fourteen (14) days after the resolution of the Motion to Dismiss, if the Motion to Dismiss is denied in whole or in part:

1. the parties shall file a stipulated amended scheduling order, or,

2. if the parties cannot agree, either party shall file a motion for the entry of a scheduling order.

IT IS SO ORDERED.

DATED this 6th day of April, 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge