IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRAFT SMITH, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EC DESIGN, LLC, a California limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER** |
| EC DESIGN, LLC, a California limited liability company,<br><br>Counterclaimant,<br><br>vs.<br><br>CRAFT SMITH, LLC, a California limited liability company, and MICHAELS STORES, INC., a Delaware corporation,<br><br>Counterclaim Defendants. | Case No. 2:16-cv-01235-DB<br><br>Judge Dee Benson |

Before the court is an application for an award of attorney fees and expenses filed by Craft Smith. (Dkt. No. 204.) The motion has been fully briefed by both parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

BACKGROUND

In late 2016, EC Design sent a demand letter to Craft Smith and Michaels alleging that their new products infringed on EC Design's copyright. (*See* Dkt. No. 223 at 4.) Craft Smith then filed a declaratory judgment action in Utah on December 8, 2016. (Dkt. No. 2.) EC Design filed a copyright infringement suit in California on January 6, 2017. (Dkt. No. 223 at 4.) That action was stayed pending the resolution of the Utah case, and EC Design filed a counterclaim for copyright and trade dress infringement in Utah on July 13, 2017. (Dkt. No. 41.) The claims were consolidated in the United States District Court for the District of Utah.

On May 17, 2019, nearly three years after the initial dispute arose, this court granted summary judgment in favor of Craft Smith and Michaels, finding that EC Design did not have a valid copyright claim. (Dkt. No. 193.) The court held that EC failed to prove infringement under any of the asserted copyright or trade dress theories. (*Id.*)

Two months later, Craft Smith filed a motion for attorney fees under both the Lanham Act and the Copyright Act. (Dkt. No. 204.) EC Design opposed the motion, and the matter is now submitted to the court for decision.

DISCUSSION

I. Copyright Act

The Copyright Act provides that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. District courts have broad discretion on whether and when to grant an award of attorney fees under the Copyright Act. *See, e.g.*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (rejecting the argument that attorney fees under the Copyright Act should be awarded to the prevailing party as a matter of course); *Applied*

*Innovations, Inc. v. Regents of Univ. of Minn.*, 876 F.2d 626, 638 (8th Cir. 1989) ("The decision whether to award attorney's fees in copyright cases is committed to the sound discretion of the district court"); 4 Nimmer on Copyright § 14.10 (2019) ("The word 'may' unmistakably connotes discretion . . ."). Unsuccessful plaintiffs should not generally be penalized where litigation is not vexatious but rather involved novel questions of statutory interpretation. *See Edward B. Marks Music Corp. v. Continental Record Co.*, 222 F.2d 488 (2d Cir.), *cert. denied*, 350 U.S. 861 (1955); *Applied Innovations, Inc. v. Regents of University of Minnesota*, 876 F.2d 626 (8th Cir. 1989). Factors that courts may consider in determining whether to award prevailing party attorney fees under the Copyright Act include "frivolousness, motivation, objective unreasonableness (both in factual and in legal components of case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 (1994) (quoting *Lieb v. Topstone Industries, Inc.* 788 F.2d 151, 156 (3d Cir. 1986)).

      Here, EC Design had a registered copyright on its LifePlanner. (Dkt. No. 193 at 9.) Craft Smith and Michaels created a planner with a similar design and layout to compete with EC's planner. (*Id.* at 3.) While the court ultimately held that Craft Smith's product did not infringe on EC's copyright and that EC's asserted compilation was not protectable expression, EC's suit was not frivolous or unreasonable. (*Id.* at 22.) The court does not find that an award of attorney's fees would serve the ends of compensation or deterrence. Accordingly, the court declines to award attorney fees under the Copyright Act.

II. Lanham Act

Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 117(a). "Being the prevailing party is not, by itself, enough to justify an award of attorney fees. Moreover, even in exceptional cases, the award of attorney fees is vested in the discretion of the district court." *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1146 (10th Cir. 2000). The United States Court of Appeals for the Tenth Circuit has noted that no one factor is determinative in deciding whether a case is "exceptional," but factors may include "(1) its lack of foundation, (2) the plaintiff's bad faith in bringing the suit, [or] (3) the unusually vexatious or oppressive manner in which it is prosecuted." *Id.* at 1147. If the case has underlying merit but is pursued in a "meritless or improper manner," attorney fees may also be appropriate. *Id.* at 1149.

In addressing the Lanham Act claim raised by the EC Design, this court found that EC's asserted trade dress was descriptive. (Dkt. No. 193 at 26.) It also found that Craft Smith intentionally copied many elements of EC's product. (*Id.* at 34.) After examining the undisputed facts, however, the court ultimately held that EC Design failed to raise a genuine issue of material fact regarding inherent distinctiveness or secondary meaning, and Craft Smith therefore did not infringe on EC's trade dress. (*Id.* at. 36.) The court did not find that the trade dress claim was brought in bad faith or lacked any foundation. In short, nothing about the substance of this case was "exceptional." Craft Smith further alleges that EC Design pursued the case in an improper manner by filing a separate action in California (where both Craft Smith and EC Design are headquartered), by the timing of its compilation claim, and by various actions during discovery. (Dkt. No. 204 at 4-9.) None of the alleged litigation misconduct amounts to a

pursuit of the case in a "meritless or improper" manner. *Very Minor Leagues*, 223 F.3d at 1149. The court therefore declines to award attorneys' fees under the Lanham Act.[1]

## CONCLUSION

Craft Smith has failed to establish an entitlement to attorneys' fees pursuant to either the Lanham Act or the Copyright Act. As such, Plaintiffs' Motions for award of attorneys' fees and costs are DENIED.

DATED this 1st day of October, 2019.

BY THE COURT:

_____
Dee Benson
United States District Judge

---

[1] Both parties cite the Supreme Court's Patent Act ruling in *Octane Fitness* for support. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). Although several federal circuits have applied this ruling to cases under the Lanham Act, the Tenth Circuit has not yet done so. Under *Octane Fitness*, however, the result is the same. *Octane Fitness* merely overruled the Federal Circuit's narrow reading of "exceptional" and emphasized that it should be interpreted consistent with the statutory text. In that case, the Supreme Court noted that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* at 554. As discussed *infra*, this case was not substantively exceptional or litigated in an unreasonable manner, and therefore does not merit an award of attorney fees under the Lanham Act.